AUGUST 8, 1956.

No. 2932. EDWIN LEE JONES ET AL., DBA SWANSON & JONES TRUCKING COMPANY *v.* LEWIS L. JOHNSON ET AL., AKA SONNY MIMURA, ETC., AND DBA JOHNSON SOIL COMPANY, ETC. *Per Curiam.* No new points are presented in the petition for rehearing filed herein. The petition sets forth that the defendants at the time of making the contract for hire of the trailer did not know that the same was to be used for carrying out a contract of hauling sand for the Clarke-Halawa Rock Company and therefore were not liable for the loss of profits caused by the inability of plaintiffs to carry out the hauling contract, citing *Czarnikow-Rionda Co.* v. *Federal Sugar Ref. Co.,* 255 N. Y. 33 (1930), and *Hawaiian Pineapple Co.* v. *Saito,* 24 Haw. 787, 793.

This court in its decision herein, 41 Haw. 389, followed the rule laid down in *Hadley* v. *Baxendale,* 9 Exch. 341 (1854), citing a number of authorities.

The trial court found as a matter of fact that "At the time of the making of the oral contract and the acceptance

of the $600 check on March 8, 1948, and for some time previously, Defendants knew that Plaintiffs intended to use the trailer in the arrangement with Clarke-Halawa Rock Company and knew that the arrangement would be profitable. Defendants also knew that Plaintiffs needed the trailer for the arrangement and would probably be unable to obtain another suitable trailer."

There is more than a scintilla of evidence to sustain the finding of the trial judge. In fact, not only were the defendants apparently well aware of the purposes for which the trailer was hired, but they themselves were engaged in the hauling business, knew the shortage of trailers (according to the testimony there were only three on the Island of Oahu, two of which were owned by the defendants), and knew the demand therefor on Oahu. Petition denied. *Clarence Y. Shimamura* for the petition.